UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
COLLEEN McAVEY,

                                                Plaintiff,

      -against-                                   07-CIV-11181 (SCR)

ORANGE-ULSTER BOCES, JEFFREY SMITH, former
Deputy Superintendent, JAKE McHALE, Principal of
Flannery High School, and MARGUERITE FLOOD,
Executive Director for Personnel, sued in their individual
capacities,

                                               Defendants.
-----------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

                                            LAMB & BARNOSKY, LLP
                                            *Attorneys for Defendants*
                                            ORANGE-ULSTER BOCES,
                                            JAKE McHALE and
                                            MARGUERITE FLOOD
                                            534 Broadhollow Road, Suite 210
                                            P.O. Box 9034
                                            Melville, New York 11747-9034
                                            (631) 694-2300

*Of Counsel:*
Sharon N. Berlin
Scott M. Karson
Michael F. Mullen

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................ii

PRELIMINARY STATEMENT........................................................................1

STATEMENT OF FACTS ................................................................................2

ARGUMENT .....................................................................................................4

POINT I

    PLAINTIFF'S COMPLAINT MUST BE DISMISSED
    BECAUSE SHE CANNOT ESTABLISH A CLAIM FOR
    RETALIATION UNDER 42 U.S.C. § 1983 SINCE HER
    SPEECH WAS NOT PROTECTED BY THE FIRST
    AMENDMENT.........................................................................................5

CONCLUSION .................................................................................................11

# TABLE OF AUTHORITIES

## FEDERAL CASES

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007) ............................................ 4

Connick v. Myers, 461 U.S. 138 (1982) ............................................................. 11

Garcetti v. Ceballos, 126 S. Ct. 1951 (2006) .................................... 5, 6, 7, 8, 9, 10

Mayer v. Monroe County Cmty. School Corp., 474 F.3d 477
(7th Cir. 2007) ............................................................................................. 6, 7, 9

McGuire v. Warren, 207 Fed.Appx. 34 (2d Cir. 2006) ........................................ 10

Panse v. Eastwood, et al, __F. Supp ___, 2007 WL 2154192
(S.D.N.Y. 2007), *appeal pending* ................................................................ 5, 6, 9

Patane v. Clark, 508 F.3d 106 (2d Cir. 2007) ........................................................ 4

Pickering v. Board of Educ. of Township High School Dist. 205,
391 U.S. 563 (1968) ............................................................................................ 11

## FEDERAL STATUTES

42 U.S.C. § 1983 ............................................................................ 1, 5, 6, 9, 11

## FEDERAL RULES

FRCP 12(b)(6) ...................................................................................................... 9

## NEW YORK STATE STATUTES

Education Law § 3020-a ...................................................................................... 9

## PRELIMINARY STATEMENT

As alleged in her complaint (Berlin Declaration, Exhibit A, ¶ 1),[1] plaintiff COLLEEN McAVEY ("plaintiff") has brought this action pursuant to 42 U.S.C. § 1983 to "redress the violation of her rights under the First Amendment of the United States Constitution."

As best as can be determined from a reading of the complaint, plaintiff, a public high school social worker, alleges that she suffered retaliation at the hands of her public employer, defendant ORANGE-ULSTER BOCES ("BOCES"), and several of her supervisors (who are sued herein in their individual capacities), by reason of statements she allegedly made in the course of intervening on behalf of a student at the high school who was allegedly being subjected to inappropriate conduct by one of his teachers.

Plaintiff contends that adverse employment actions were allegedly carried out by defendants in violation of her First Amendment right to speak freely on matters of public concern. The complaint demonstrates, through, that any "speech" she may have made, or any conduct she may have engaged in, was made and/or occurred in the course of her official duties as an employee of BOCES. Therefore, her speech and actions were *not* constitutionally protected.

---

[1] Numbers in parentheses refer to paragraphs in plaintiff's complaint.

1

Accordingly, the complaint must be dismissed for failure to state a claim upon which relief can be granted.

## STATEMENT OF FACTS

The complaint alleges that in the Fall of 2005, plaintiff was employed by defendant BOCES as a social worker at the Flannery High School (¶¶ 7-8). At that time, the complaint alleges that defendant JEFFREY SMITH ("Smith") was the deputy superintendent of BOCES (¶ 4), defendant JAKE McHALE ("McHale") was the principal of Flannery High School (¶ 5) and defendant MARGUERITE FLOOD ("Flood") was the director of personnel for BOCES (¶ 5).[2]

According to the complaint, on or about September 8, 2005, two female ninth grade students complained to defendant McHale (the principal) about certain sexually inappropriate comments made by their (female) teacher ("Ms. A") to a 14 year old male classmate ("D") (¶ 9). The next day, the two female students made a similar report to plaintiff. Plaintiff then met with D, who more or less confirmed to plaintiff what his classmates had told her (¶ 10). Plaintiff then spoke to D's homeroom teacher, who told plaintiff she had heard about what was going on, and had already informed McHale (¶ 11). Plaintiff spoke to McHale who advised "…he would take care of it…" on Monday, September 12, 2005 (¶ 12).

---

[2] There are two paragraphs numbered "5" in plaintiff's complaint.

2

The complaint further alleges that plaintiff informed David Ramsey – a Town of Goshen police officer who served as the school's "resource officer" – on September 12th about her concerns, and asked whether he should be involved. Ramsey told plaintiff it was defendant Flood's (the BOCES personnel director) responsibility (¶ 13).

D then appeared in plaintiff's office and told her he did not want to go to art class because he was afraid Ms. A might be there. McHale allegedly told plaintiff to take the boy to an alternative learning class (¶ 14). Plaintiff assured D that the situation would be addressed (¶ 16), but over the next few days D told plaintiff that Ms. A was now angry with him for "telling on her" (¶ 17).

It is alleged that on September 15th, D appeared in plaintiff's office visibly upset, because Ms. A had "written him up" for going to the bathroom without permission (¶ 18). When plaintiff took D to McHale, the principal reprimanded him for ignoring the rules (¶ 19). Later that day, McHale "angrily" came to plaintiff's office and asked whether plaintiff had called D's father. She denied it. McHale stated that the father had called the local newspaper to report that the school was covering up sexual abuse (¶ 20).

It is alleged that on or about September 20th, a reporter from a local newspaper called plaintiff to ask for comments about a police report concerning the boy and the teacher. According to plaintiff, the report, which was filed by

3

Officer Ramsey, was false in a number of important respects (¶¶ 22-26). A supporting deposition given by McHale also contained statements that were not true (¶¶ 27-28).

Finally, on or about October 7th, McHale left a completed "Confidential Report of Allegations of Child Abuse in and Educational Setting" in plaintiff's mailbox for her to sign. She refused because it was back-dated (¶¶ 33-34).

The complaint further alleges that on or about October 14, 2005, plaintiff met with Smith, McHale, Flood and plaintiff's union representative (¶ 35). During the meeting, Smith allegedly yelled at plaintiff and directed that she was forbidden from going to the police or speaking with a news reporter. When plaintiff tried to explain about the "falsity" of the police report and the fact that she did not initiate contact with the reporter, Smith admonished her, and subsequently wrote a letter of admonishment which was placed in her file (¶¶ 36-37).

Plaintiff contends that she thereafter suffered additional "adverse actions" in violation of her First Amendment rights (¶¶ 47-50).

## ARGUMENT

In order to withstand a motion to dismiss pursuant to FRCP 12(b)(6), a complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Patane v. Clark*, 508 F.3d 106 (2d Cir. 2007), citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007).

4

## POINT I

### PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE SHE CANNOT ESTABLISH A CLAIM FOR RETALIATION UNDER 42 U.S.C. § 1983 SINCE HER SPEECH WAS NOT PROTECTED BY THE FIRST AMENDMENT

Plaintiff's complaint should be dismissed because it fails to set forth any facts whatsoever that entitle her to relief. In order to establish a *prima facie* claim for retaliation under § 1983, a plaintiff must demonstrate (1) that his or her speech was constitutionally protected; (2) he or she suffered an adverse employment action; and (3) a causal connection exists between the speech and the adverse employment action so that it can be said that the speech was a motivating factor in the determination. *Panse v. Eastwood, et al,* __ F. Supp ___, 2007 WL 2154192 (S.D.N.Y. 2007), *appeal pending*. Defendants here move to dismiss plaintiff's complaint on the first of these prongs, namely, that plaintiff's speech was not constitutionally protected. The allegations of plaintiff's complaint establish that any "speech" she might have made, or any conduct she might have engaged in, was made and/or occurred in the course of her official duties as a social worker employed by defendant BOCES and therefore was not protected by the First Amendment.

The issue presented on this motion to dismiss is precisely that which was determined by the Supreme Court of the United States in *Garcetti v. Ceballos*, 126 S. Ct. 1951 (2006); *i.e.*, whether the First Amendment permits a public employer to

5

impose discipline on an employee based upon speech made pursuant to the employee's official duties. In *Garcetti*, the Court answered that question in the affirmative, holding that "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Id.* at 1960; *see also Mayer v. Monroe County Community School Corp.*, 474 F.3d 477 (7th Cir. 2007) (upholding the District Court's grant of summary judgment dismissing a teacher's action against a school district alleging retaliation for statements made by the teacher to her students during the school day); *Panse v. Eastwood, supra* (granting defendants' motion to dismiss the complaint in an action pursuant to 42 U.S.C. § 1983 where the speech was made pursuant to the plaintiff's official duties as a high school art teacher).

In *Garcetti*, the plaintiff, a deputy district attorney, was asked by defense counsel in a criminal proceeding to review the accuracy of an affidavit that the police had used to obtain a search warrant. After conducting an investigation, the plaintiff concluded that the affidavit contained serious misrepresentations. He relayed these findings to his supervisors and, thereafter, followed up with a memorandum recommending dismissal of the case. After making this recommendation and testifying at a hearing at which the warrant was challenged,

6

the plaintiff was reassigned to other duties, transferred to another courthouse, and denied a promotion.

Thereafter, the plaintiff commenced a lawsuit in which he alleged that the District Attorney had retaliated against him for engaging in speech protected by the First Amendment. The Supreme Court held that the plaintiff's "expressions were made pursuant to his duties as a calendar deputy" and, therefore, were not protected by the First Amendment. *Garcetti*, 126 S. Ct. at 1959-60. In connection with its holding, the Court noted that plaintiff "wrote his disposition memo because that is what he, as a calendar deputy, was employed to do," and that the plaintiff "did not act as a citizen when he went about conducting his daily professional activities." *Id.* at 1960.

In *Mayer, supra,* the Seventh Circuit, relying on *Garcetti*, upheld the dismissal of a First Amendment claim, holding that a teacher's statements to her students were made pursuant to the teacher's official duties in the school district. The teacher, Deborah Mayer, "answered a pupil's question about whether she participated in political demonstrations by saying that, when she passed a demonstration against this nation's military operations in Iraq and saw a placard saying 'Honk for Peace', she honked her car's horn to show support for the demonstrators." *Mayer*, 474 F.3d at 478. Parents complained about Mayer's

7

statement, and the principal directed that all teachers in the school refrain from "tak[ing] sides in any political controversy." *Id.*

Mayer alleged that her statement regarding the honking of her car horn had led to her dismissal, and brought suit against the school district alleging a violation of her First Amendment rights. The District Court dismissed the claim on a motion for summary judgment, and the Seventh Circuit affirmed the decision in reliance upon *Garcetti,* because the teacher's speech to her students during class "was part of her assigned tasks in the classroom." The Seventh Circuit reasoned:

> [T]he school system does not 'regulate' teachers' speech as much as it *hires* that speech. Expression is a teacher's stock in trade, the commodity that she sells to her employer in exchange for salary....
>
> Beyond the fact that teachers hire out their own speech and must provide the service for which employers are willing to pay – which makes this an easier case for the employer than *Garcetti,* where speech was not what the employee was paid to create – is the fact that the pupils are a captive audience. Education is compulsory, and children must attend public schools unless their parents are willing to incur the cost of private education or the considerable time commitment of home schooling. Children who attend school because they must ought not be subject to teachers' idiosyncratic perspectives.

*Id.* at 479.

The Seventh Circuit concluded that "the first amendment does not entitle primary and secondary teachers, when conducting the education of captive

8

audiences, to cover topics, or advocate viewpoints, that depart from the curriculum adopted by the school system." *Id.* at 480.

Recently (in July 2007), this very Court applied *Garcetti* to dismiss the complaint in an action pursuant to 42 U.S.C. § 1983 in which the plaintiff alleged that the defendant school district had violated his right of free speech by disciplining him for comments he made in the course of his employment as a high school art teacher in the district. *See Panse v. Eastwood, et al, supra.* The district claimed that the plaintiff had violated the rules of conduct applicable to teachers in the district, a charge that was sustained by a neutral arbitrator after a hearing pursuant to section 3020-a of the Education Law. This Court granted a motion pursuant to Rule 12(b)(6) to dismiss the (amended) complaint on the grounds, *inter alia*, that the plaintiff had failed to state a First Amendment claim because his speech was made pursuant to his official duties as an art teacher and was therefore *not* entitled to First Amendment protection.

In the present case, even if the allegations of the complaint are assumed to be true and the Court gives plaintiff the benefit of all reasonable inferences, she can prove no set of facts upon which she would be entitled to relief because, like the plaintiffs in *Garcetti, Mayer* and *Panse*, the allegations of plaintiff's complaint squarely establish that everything plaintiff said and did was in her role as an employee of BOCES; *i.e.,* pursuant to her official duties as a high school social

9

worker. As such, to use the language of the *Garcetti* case, plaintiff was not speaking or acting as a citizen for First Amendment purposes, but as an employee.

Plaintiff's primary job as a social worker employed by BOCES and a member of the Flannery High School faculty was to address social issues involving the school's students, such as the issue involving Ms. A and D. Plaintiff was hired by BOCES and paid a salary to engage in the very kind of speech alleged herein. It is axiomatic, therefore, that any statements made by plaintiff in connection with her intervention and involvement in the situation involving Ms. A and D were necessarily made pursuant to her official duties as a public school social worker.

The clear and unequivocal allegations of her own pleading establish beyond peradventure that her alleged statements were made in her capacity as a publicly-employed social worker. This, by itself, is sufficient to warrant the conclusion that, under *Garcetti*, plaintiff's speech is not protected by the First Amendment. *See McGuire v. Warren*, 207 Fed.Appx. 34 (2d Cir. 2006) (where plaintiff alleged that she was acting pursuant to her responsibilities as a contractor at the time of the speech she identified in the complaint, district court properly dismissed the action on the pleadings).

Therefore, pursuant to *Garcetti*, plaintiff's statements did not enjoy First Amendment protection and she therefore cannot establish a claim for retaliation

under § 1983. *See also Pickering v. Board of Educ. of Township High School Dist. 205*, 391 U.S. 563 (1968); *Connick v. Myers*, 461 U.S. 138 (1982).

For the reasons set forth above, plaintiff's complaint must be dismissed in all respects.

## CONCLUSION

The motion of defendants BOCES, McHale and Flood, to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted, should be granted in all respects, together with such other and further relief as the Court deems just and proper.

Dated:   Melville, New York
         January 10, 2008

        Respectfully submitted,

        LAMB & BARNOSKY, LLP
        Attorneys for Defendants
        ORANGE-ULSTER BOCES,
        JAKE McHALE and
        MARGUERITE FLOOD

        By: _____
            SHARON N. BERLIN (SNB 6480)

        534 Broadhollow Road, Suite 210
        P.O. Box 9034
        Melville, New York  11747
        (631) 694-2300

#201823 v3 FINAL