UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
COLLEEN McAVEY,

                        Plaintiff,

    -against-

ORANGE-ULSTER BOCES, JEFFREY SMITH,      07 CIV 11181 (SCR)
former Deputy Superintendent, JAKE McHALE,
Principal of Flannery High School, and MARGUERITE    ECF Case
FLOOD, Executive Director for Personnel, sued in their
individual capacities,

                        Defendants.
------------------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW IN
## OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

CHRISTOPHER D. WATKINS (CW-2240)

SUSSMAN & WATKINS
P.O. Box 1005
40 Park Place
Goshen, New York 10924
(845) 294-3991
Attorneys for Plaintiff

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.    Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    B.    Plaintiff's Initial Reports of Possible Abuse . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    C.    Ramsey and McHale's Apparent Fraud and Plaintiff's Communications
           with a Newspaper Reporter and the Goshen Police Department . . . . . . . . . . . . . 2

    D.    Defendants' Reprimand of Plaintiff and Other Adverse Actions . . . . . . . . . . . . 4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

POINT I:    DISMISSAL WOULD BE IMPROVIDENT . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A.    Motion to Dismiss Standards . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    B.    <u>Garcetti</u> Does Not Bar Plaintiff's Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## **TABLE OF AUTHORITIES**

*Conley v. Gibson*, 355 U.S. 41 (1957) ............................................................ 6

*Garcetti v. Ceballos*, 126 S. Ct. 1951 (2006) .......................................... *passim*

*Mayer v. Monroe Cty. Comm. School Corp.*, 474 F.3d 477 (7th Cir. 2007) .............. 8, 9

*Munafo v. Metropolitan Trans. Auth.*, 285 F.3d 201 (2d Cir. 2002) ........................ 7

*Panse v. Eastwood*, 2007 U.S. Dist. LEXIS 55080 (S.D.N.Y. July 20, 2007) .............. 8

*Phelps v. Kapnolas*, 308 F.3d 180 (2d Cir. 2002) ............................................. 6

*Pickering v. Board of Educ.*, 391 U.S. 563 (1968) ............................................ 9

*Rosenblatt v. City of New York*, 2007 U.S. Dist. LEXIS 55853 (S.D.N.Y. July 31, 2007) ..... 8

*Sassi v. Lou-Gould*, 2007 U.S. Dist. LEXIS 13643 (S.D.N.Y. Feb. 27, 2007) .............. 8

*Skehan v. Village of Mamaroneck*, 465 F.3d 96 (2d Cir. 2006) ............................. 7

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) ........................................... 6

*Weintraub v. Board of Ed. of the City of N.Y.*, 489 F.Supp.2d 209 (E.D.N.Y. 2007) .......... 7

## PRELIMINARY STATEMENT

Plaintiff, Colleen McAvey, respectfully submits this memorandum of law in opposition to defendants' Rule 12(b)(6) motion to dismiss.

## STATEMENT OF FACTS

### A.  Background

Plaintiff has been employed as a social worker by Orange-Ulster BOCES for eleven years. In Fall 2005, she was working as a social worker at Flannery High School. (Berlin Aff., Ex. A ¶¶ 7-8).

### B.  Plaintiff's Initial Reports of Possible Abuse

On September 9, 2005, plaintiff received verbal reports from two ninth grade girls, "E" and "C," that Ms. A., their Special Education English teacher, had been making inappropriate comments to "D," a boy in their class. According to the girls, Ms. A. told "D" that she liked the sound of his voice; knew where he lived and would pick him up to take him to church; and had said, "Mmmm, too bad I'm too old to look" when "D" lifted up his pants. The girls reported that Ms. A. talked "sexy" to "D" and repeatedly told him that she knew where he lived and would go to his house to pick him up. The girls told plaintiff they had already reported these concerns to Flannery principal, Jake McHale. (Ibid. ¶¶ 9-10).

When plaintiff spoke with "D," he asked if she could get him out of his English class because he thought Ms. A. wanted to have sex with him. He then described the same type of comments and behaviors as "E" and "C" had reported. (Ibid. ¶ 10).

Ms. Sorice, "D's" homeroom teacher, told plaintiff she heard Ms. A. tell "D" she was going to pick him up from home and take him to church as "D" was boarding his school bus.

1

Sorice said she had reported her own concerns about this to Principal McHale and the school's Assistant Principal. (Ibid. ¶ 11).

When plaintiff reported to McHale about the allegations regarding Ms. A. and "D", he said he already received the information and would take care of it the next week. (Ibid. ¶ 12).

On September 12, 2005, plaintiff told School Resource Officer (SRO) David Ramsey, a Town of Goshen police officer, of her concerns about Ms. A.'s comments and behaviors toward "D." (Ibid. ¶ 13). Plaintiff later heard McHale speak with Ramsey and two teachers about the situation, and observed Ramsey question "D" about Ms. A. (Ibid. ¶¶ 15-16).

Over the next several days, "D" continued to report concerns about Ms. A. to plaintiff, which plaintiff reported to McHale. (Ibid. ¶¶ 14-18).

On September 15, 2005, plaintiff met with "D" and McHale. McHale reprimanded "D" for ignoring rules, told him his concerns about Ms. A. were unjustified, accused "D" of being manipulative, and directed him to return to Ms. A.'s class. (Ibid. ¶ 19). Later that same day, McHale angrily asked plaintiff if she had called "D's" father about the situation. When plaintiff told McHale she had not, he told her the father had called the *Times Herald Record* newspaper and reported that the school was covering up sexual abuse. (Ibid. ¶ 20).

C. **Ramsey and McHale's Apparent Fraud and Plaintiff's Communications with a Newspaper Reporter and the Goshen Police Department**

On September 19, 2005, Ramsey approached plaintiff and told her he needed to question her about allegations concerning Ms. A. and "D." When plaintiff reminded him they had already discussed her concerns several days earlier, Ramsey denied such a conversation. (Ibid ¶ 21).

The next day, on September 20, 2005, a *Times Herald Record* newspaper reporter,

2

Dianna Cahn, telephoned plaintiff and asked her to comment on a Town of Goshen police report Cahn had obtained concerning Ms. A. and "D." When plaintiff explained that she did not know about the report, Cahn read it aloud to her. (Ibid. ¶ 22).

The report, filed by Ramsey, was false in several respects, including that Ramsey claimed he first learned of any allegations of sexual harassment by Ms. A. on September 15, when he was contacted by newspaper reporter Cahn. Ramsey also claimed that plaintiff never told him about Ms. A's alleged comments until September 16, 2005, and portrayed plaintiff as falsely claiming that she had earlier reported such concerns to him. (Ibid. ¶ 23). Ramsey's report suggested he had not engaged in a good faith investigation of the underlying allegations regarding Ms. A. and D. (Ibid. ¶¶ 24-26).

In addition to Ramsey's report, Cahn read to plaintiff a supporting deposition from Principal McHale. Plaintiff knew that its contents were not accurate. For example, McHale claimed that D. had "amitted [sic] to some manipulation of the truth" to McHale and plaintiff, when in fact that had not occurred. (Ibid. ¶ 27).

On September 21, 2005, concerned about the falsity of Ramsey's report and Principal McHale's supporting deposition, plaintiff made a Freedom of Information Law ("FOIL") request of the Goshen Police Department for the documents Cahn had read aloud to her. (Ibid. ¶¶ 28-29). Immediately after plaintiff made this FOIL request, Town of Goshen Police Chief Marsh met with McHale and Ramsey in McHale's office. (Ibid ¶ 30).

On September 27, 2005, plaintiff received a copy of Ramsey's report from the Goshen Police Department, but not a copy of McHale's supporting deposition. Plaintiff advised Chief Marsh of this and requested McHale's statement pursuant to FOIL, as it had been given to the

3

reporter. Marsh angrily told plaintiff to get any paperwork from her school. Thereafter, plaintiff persisted in asserting her rights under FOIL to Chief Marsh and advised Goshen Town Supervisor, Honey Bernstein, of her concerns. (Ibid. ¶ 27).

On October 7, 2005, McHale left a completed "Confidential Report of Allegation" of "Child Abuse in an Educational Setting" for plaintiff in her mailbox. The form was back-dated September 8, 2005. McHale left a post-it note stating: "Colleen, Please sign and return." The form briefly described D.'s report about Ms. A. Plaintiff advised McHale that she could not sign the form because it was back-dated. (Ibid. ¶¶ 33-34).

### D.    Defendants' Reprimand of Plaintiff and Other Adverse Actions

On October 14, 2005, Deputy Superintendent Jeffrey Smith, Principal McHale and Personnel Director Flood met with plaintiff and her union representative. Smith yelled at plaintiff that she was forbidden from going to the police or speaking with a news reporter, and baselessly cast aspersions on plaintiff's professionalism. (Ibid. ¶ 36).

Thereafter, plaintiff received a letter of admonishment from Smith, dated November 8, 2005. The letter was placed in plaintiff's personnel file and distributed to several people. (See Ibid. ¶ 37; Watkins Aff., Ex. 1).[1] Smith wrote first that, "I find your reporting such a suspicion [of possible abuse] the correct thing to be done by a school counselor." (Watkins Aff., Ex. 1).

However, Smith's letter then castigated plaintiff for her "subsequent involvement with the Goshen Police and the Times Herald Record." (Ibid.). Smith wrote:

> My concern however, is about your subsequent involvement with the Goshen Town Police and the Times Herald Record. Given the nature of our students, I believe the best

---

[1] Smith's letter, which is incorporated by reference in the Complaint, is annexed as Exhibit 1 to the Watkins Affirmation, submitted herewith.

> course of action for a counselor is to report the issue to his or her school administrator and let the investigation go through its process. I do not believe it is beneficial or appropriate for individual staff members to be involved directly with the police and/or newspapers in instances surrounding student matters.
> In the future, should these circumstances arise again, I am directing that you stay in process and work directly with your school administrator.

(Ibid.).

Because of her communications with the Goshen Police Department and a newspaper reporter regarding the school's handling of the Ms. A/"D" situation, plaintiff suffered other adverse actions beyond Smith's letter of reprimand, including denial of a "P.M. Hours" counselor position for which plaintiff was most qualified; removal as a speaker at a District-wide professional conference; hostile treatment from McHale; having her e-mails opened and forwarded to Flood in an attempt to obtain negative information about her; denial of a summer school counselor position; and involuntarily transfer. (Berlin Aff., Ex. A at ¶¶ 39-46).

## ARGUMENT

## POINT I

### DISMISSAL WOULD BE IMPROVIDENT

A.  **Motion to Dismiss Standards**

A complaint may not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In deciding whether a complaint states a claim, the court must accept as true all factual allegations set forth in the complaint and draw all reasonable inferences in favor of the plaintiff. Phelps v. Kapnolas, 308 F.3d 180, 184 (2d Cir. 2002).

5

The court may not use a pleading standard that exceeds the pleading requirements set forth in the Federal Rules of Civil Procedure to evaluate the sufficiency of a complaint on a motion to dismiss. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512-14 (2002). Rule 8(a)(2) provides that a complaint need include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. Given the Federal Rules' simplified standard for pleading, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz, 534 U.S. at 514.

### B.     *Garcetti* Does Not Bar Plaintiff's Claim

Defendants move to dismiss plaintiff's First Amendment claim on the ground that, under Garcetti v. Ceballos, 126 S. Ct. 1951 (2006), her speech was not protected. However, plaintiff's communications with the Goshen Police Department and a newspaper reporter were not made "pursuant to [her] official duties." See Garcetti, 126 S. Ct. at 1960. Since this undisputedly protected speech caused defendants to retaliate against plaintiff, dismissal is not warranted.

"[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the constitution does not insulate their communications from employer discipline." Id. at 1960. However, "[i]f a public employee is not speaking pursuant to his official duties, the analysis is different: 'Although a governmental entity enjoys significantly greater latitude when it acts in its capacity as employer than when it acts as sovereign, the First Amendment nonetheless prohibits it generally, subject to certain defenses, from punishing its employees in retaliation for the content

6

of their speech on matters of public importance.'" Skehan v. Village of Mamaroneck, 465 F.3d 96, 106 (2d Cir. 2006) (quoting Munafo v. Metropolitan Trans. Auth., 285 F.3d 201, 215 (2d Cir. 2002)). If an "employee goes outside of the established institutional channels in order to express a complaint or concern, the employee is speaking as a citizen, and the speech is protected by the First Amendment." Weintraub v. Board of Ed. of the City of N.Y., 489 F.Supp.2d 209, 219 (E.D.N.Y. 2007).

Here, while plaintiff reported allegations of possible abuse to her supervisor, McHale, pursuant to her official job duties, her subsequent discussion with a newspaper reporter and FOIL requests and follow-up communications with the Goshen Police Department (and Goshen Town Supervisor) were not made pursuant to her official duties. Rather, as set forth in the complaint, she made those communications to expose and prevent apparent fraud by McHale and Ramsey regarding allegations of potential student abuse and the school's failure to properly investigate.

As Smith's letter of reprimand makes clear, it was plaintiff's speech to a newspaper reporter and police department – not her internal reporting of the abuse allegations – that caused defendants to retaliate. Smith admonished plaintiff for "being involved directly with the police and/or newspapers," and warned her to confine her communications regarding "student matters" to her school administrator. (Watkins Aff., Ex. 1). In other words, she was punished precisely for *not* limiting her communications to those required by her official duties.

Defendants do not, and cannot, contend that plaintiff's official job duties included "scrutiniz[ing] her *supervisors* for fraud – essentially acting as a supervisor of her supervisors." See Rosenblatt v. City of New York, 2007 U.S. Dist. LEXIS 55853, *16-*17 (S.D.N.Y. July 31, 2007) (emphasis in original). Thus, "the 'official duties' exception does not apply in this case."

7

See id.; see also Weintraub, 489 F.Supp.2d at 219-20 (teacher's communications with fellow teachers regarding his concerns about classroom safety were not made pursuant to official duties and thus Garcetti did not apply); Sassi v. Lou-Gould, 2007 U.S. Dist. LEXIS 13643, *11-*12 (S.D.N.Y. Feb. 27, 2007) (police chief's public letters to City Council criticizing its funding of police department were not written pursuant to his official duties and retaliation claim not barred by Garcetti).

In Garcetti, the plaintiff was a deputy district attorney who wrote an internal memorandum in which he expressed concerns about the accuracy of an affidavit supporting a warrant and recommended dismissal of the underlying criminal case. Garcetti, 126 S. Ct. at 1955-56. The plaintiff did not dispute that he "wrote his disposition memo pursuant to his official duties." Id. at 1961. Here, by contrast, plaintiff's communications with the police department and newspaper clearly were *not* made pursuant to her official duties – those communications were not part of what plaintiff was employed to do. Compare Garcetti, 126 S.Ct. at 1960 ("Ceballos wrote his disposition memo because that is part of what he, as a calendar deputy, was employed to do.").

In addition to Garcetti, defendants seek to compare this case with two other starkly distinguishable cases. (See Defs' Brief at pp. 7-9). In Panse v. Eastwood, 2007 U.S. Dist. LEXIS 55080, *12-*13 (S.D.N.Y. July 20, 2007), this Court held that a teacher's First Amendment claim was barred by Garcetti. The plaintiff, an art teacher, told his students that to compete for college scholarships they should include sketches of nudes in their portfolios and, to that end, he suggested they might enroll in a private art school he was considering establishing where nude drawing would be taught. Id. at *3. He claimed this classroom speech motivated

8

disciplinary charges against him. Id. at *4. This Court held that, under Garcetti, the teacher's classroom speech was not protected because his official duties included "classroom discussions about the assigned subject, as well as topics such as whether and how to pursue future educational opportunities in that subject area." Id. at *12.

Similarly, in Mayer v. Monroe Cty. Comm. School Corp., 474 F.3d 477, 478 (7th Cir. 2007), an elementary school teacher claimed her First Amendment rights were violated when she was fired for expressing support for peace demonstrators during a classroom discussion on current events. The plaintiff "concede[d] that the current-events session, conducted during class hours, was part of her official duties." Id. at 479. The court rejected the teacher's argument that "principles of academic freedom" removed her case from Garcetti's ambit, holding that "Garcetti directly applies," as the plaintiff's speech occurred during a "lesson [that] was part of her assigned tasks in the classroom." Id. at 479-80.

Panse and Mayer are patently inapposite. Both cases involved classroom speech by teachers that was part of their official duties. Here, plaintiff alleges she was punished for communications with outside entities which she made independent of her official duties, not for classroom or in-school speech made pursuant to her official duties.

Indeed, plaintiff's speech is much more analogous to the type of speech at issue in another schoolteacher case cited by defendants and approvingly by Garcetti, namely Pickering v. Board of Educ., 391 U.S. 563, 566 (1968). In Pickering, the Supreme Court held that a teacher's letter to a local newspaper addressing various issues, including school funding policies of the school board, was protected by the First Amendment. Id. at 573; see Garcetti, 126 S.Ct. at 1958-59 (re-affirming Pickering). As in Pickering, while plaintiff's communications with a news

9

reporter and the police clearly involved a matter of public concern, they were not made pursuant to her official job duties. Defendants' motion must be denied.

## CONCLUSION

For all of the foregoing reasons, and all of the pleadings and proceedings had herein, this Court should deny defendants' motion to dismiss.

Dated: January 25, 2008
      Goshen, New York

Respectfully submitted,

S/ _____
CHRISTOPHER D. WATKINS (CW 2240)
SUSSMAN & WATKINS
P.O. Box 1005
40 Park Place
Goshen, New York 10924
(845) 294-3991
Attorneys for Plaintiff
