UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
COLLEEN McAVEY,

        Plaintiff,

     -against-                                  07-CIV-11181 (SCR)

ORANGE-ULSTER BOCES, JEFFREY SMITH,
former Deputy Superintendent, JAKE McHALE,
Principal of Flannery High School, and MARGUERITE
FLOOD, Executive Director for Personnel,
sued in their individual capacities,

        Defendants.
------------------------------------------------------------------X


**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANTS' MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A
CLAIM UPON WHICH RELIEF CAN BE GRANTED**


LAMB & BARNOSKY, LLP
*Attorneys for Defendants*
ORANGE-ULSTER BOCES,
JAKE McHALE and
MARGUERITE FLOOD
534 Broadhollow Road, Suite 210
P.O. Box 9034
Melville, New York 11747-9034
(631) 694-2300

*Of Counsel:*
    Sharon N. Berlin
    Scott M. Karson
    Michael F. Mullen

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT .............................................................................................1

ARGUMENT............................................................................................................................2

POINT I

    PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE HER
    SPEECH WAS NOT PROTECTED BY THE FIRST AMENDMENT ..................2

CONCLUSION.........................................................................................................................5

# TABLE OF AUTHORITIES

**FEDERAL CASES**

Garcetti v. Ceballos, 126 S. Ct. 1951 (2006) .................................................................................1
Panse v. Eastwood, 2007 WL 2154192 (S.D.N.Y. 2007) ...............................................................4
Mayer v. Monroe County Community School Corp.,
    474 F.3d 477 (7th Cir. 2007) ......................................................................................................4
Sassi v. Lou-Gould, 2007 WL 635579 (S.D.N.Y. 2007) .................................................................3
Weintraub v. Board of Education, et al., 489 F. Supp.2d 209, 219 (E.D.N.Y. 2007) ..................3

**STATE STATUTES**

N.Y. Educ. Law § 1127 .............................................................................................................3, 4
N.Y. Educ. Law § 1126 .............................................................................................................2, 3

## PRELIMINARY STATEMENT

Defendants ORANGE-ULSTER BOCES, JAKE McHALE and MARGUERITE FLOOD (collectively "defendants"), submit this memorandum in reply to the memorandum in opposition to defendants' motion to dismiss plaintiff COLLEEN McAVEY's ("plaintiff's") complaint.

Plaintiff, a school social worker employed by Orange-Ulster BOCES ("BOCES"), claims that she suffered unlawful retaliation because of speech which, she argues, was protected under the First Amendment. There is, however, no dispute that the speech resulted from and pertained to her work as a school social worker; *i.e.*, that the subject matter of her speech was a claim of inappropriate sexual conduct on the part of a BOCES teacher ("Ms. A") toward a student attending BOCES ("D"), a matter in which plaintiff had become involved in her capacity as a school social worker.[1] As such, the speech was job-related and outside the protection of the First Amendment pursuant to *Garcetti v. Ceballos,* 126 S. Ct. 1951 (2006), in which the Supreme Court held that the First Amendment permits a public employer to impose discipline on an employee by reason of speech made pursuant to the employee's official duties.

Plaintiff does not challenge the fact that her speech concerned a situation involving D and Ms. A, a situation to which plaintiff had to respond in her capacity as a school social worker. Plaintiff nevertheless argues, as she must, that her complaint should not be dismissed because her "communications" with the Goshen Police Department and a newspaper reporter, while unquestionably concerning the situation involving D and Ms. A, were allegedly *not* made pursuant to her official duties (*see* plaintiff's memorandum, p. 6).

Plaintiff's position is untenable as a matter of law. Nothing in *Garcetti* or its progeny suggests that the issue of whether speech is made pursuant to one's official duties turn solely on

---

[1] A complete statement of the pertinent facts alleged by plaintiff in her complaint is set forth at pps. 2-4 of defendants' previously-submitted memorandum of law in support of the motion, dated January 10, 2008.

1

the identity or status of the person to whom the speech is directed, rather than, as plaintiff appears to maintain, the subject matter of that speech.

Defendants acknowledge that, in considering a Rule 12(b)(6) motion to dismiss, the Court must proceed on the premise that all of the facts asserted in the complaint are true, and that plaintiff is entitled to every reasonable inference which can be drawn in her favor. The issue presented to the Court on this motion, though, is a pure question of law: whether the speech at issue was made pursuant to plaintiff's official duties as a BOCES social worker? For the reasons set forth in this memorandum and in the defendant's moving memorandum, the Court should conclude that plaintiff's speech was made pursuant to her official duties and, therefore, pursuant to *Garcetti,* was not constitutionally protected.

## ARGUMENT

### POINT I

**PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE HER SPEECH WAS NOT PROTECTED BY THE FIRST AMENDMENT**

It is clear from the face of the complaint, taking all of the allegations therein to be true, that *everything* plaintiff did in connection with the report of inappropriate conduct involving D and Ms. A was done by plaintiff pursuant to her capacity as a school social worker employed by BOCES.

Plaintiff has been employed as a school social worker by BOCES for more than 11 years. She is a professional "school social worker" within the meaning of New York Education Law § 1126. In other words, plaintiff's job as a school social worker is a full time responsibility, and not something that she jumps in and out of during the course of the day.

In addition, as a school social worker, she is one of those specific persons at BOCES who are *required* to report, or cause a report to be made, when they have reasonable cause to suspect that a child has been subjected to child abuse by an employee in an educational setting. N.Y. Educ. Law § 1126.

Based upon what she had been told by other students, by D himself, and by another teacher, plaintiff had reasonable cause to believe that something was amiss. As a school social worker, she was required by law to report it, and, if some written report was being prepared, she was required to make sure the report was accurate and complete.

Despite this, but as she must in order to survive this motion, plaintiff argues that the facts come within the rationale of those cases which hold that, when an employee goes outside of the established institutional channels to express a complaint or concern, the employee is speaking as a citizen, and not as an employee (*see, e.g., Weintraub v. Board of Education, et al.*, 489 F. Supp.2d 209, 219 (E.D.N.Y. 2007); *Sassi v. Lou-Gould*, 2007 WL 635579 (S.D.N.Y. 2007)). But that is not what happened here. Plaintiff did *not* go to a reporter to complain. Plaintiff was called by a newspaper reporter and asked to comment on the report because of her official duties as a BOCES school social worker (*see* Berlin Aff., Ex. A, ¶¶ 22, 28). The report contained confidential allegations of child abuse in an educational setting, allegations in which plaintiff was involved solely due to and in her official capacity and which she was statutorily prohibited from disclosing to the media (*see* N.Y. Educ. Law § 1127).[2]

Likewise, while plaintiff alleges that she spoke to the police, she obviously did so in her official capacity as a BOCES social worker making a report about alleged abuse by an employee in an educational setting (*see* Berlin Aff., Ex. A, ¶¶ 13, 21). She alleges having been questioned

---

[2] Plaintiff's complaint does not allege that she said anything to the reporter other than that she had not seen the police report about the allegations (*see* Berlin Aff., Ex. A, ¶ 22).

3

about the allegations concerning Ms. A and D by Town of Goshen Police Officer Ramsey, who was assigned to BOCES as its School Resource Officer (*id.* ¶ 21). Plaintiff's subsequent follow-up inquiries of the Police Department all related to this situation and her report thereof, a report she made in the course of her official duties. Indeed, plaintiff alleges that thereafter she advised the then BOCES Superintendent of what had transpired (*id.* ¶ 31), which further connects plaintiff's speech with her official duties. Plaintiff alleges that thereafter her principal left her a Confidential Report of Allegation of Child Abuse in an Educational Setting form to sign and that the form described D's report about Ms. A (*id.* ¶ 33). Because all of these allegations relate to plaintiff's speech and conduct as part of her official duties, they are not entitled to constitutional protection.

Plaintiff argues that the cases cited by defendants in support of their motion to dismiss, viz, *Panse v. Eastwood,* 2007 WL 2154192 (S.D.N.Y. 2007) and *Mayer v. Monroe County Community School Corp.*, 474 F.3d 477 (7th Cir. 2007), are "starkly distinguishable" because both involved teachers (not a social worker) who were "punished" for something they said in the classroom and thus "pursuant to their official duties." While plaintiff appears to be arguing that she can only be reprimanded for something she said or did in her office and within the four walls of the school, there is no support in law for her theory, which is directly contradicted by her legal obligation to report cases of suspected child abuse in an educational setting any time she becomes aware of allegations about an employee in a school setting, regardless of where the suspected abuse takes place or where she learns of it. As a result, whatever she does or says in furtherance of the preparation of that report concerning a BOCES employee and a BOCES student must, as a matter of law, have been done or said pursuant to her official duties and not as a "citizen" for First Amendment purposes.

4

As a result, the motion to dismiss should be granted.

## CONCLUSION

The motion of defendants BOCES, McHale and Flood, to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted should be granted in all respects, together with such other and further relief as the Court deems just and proper.

Dated: Melville, New York
       February 13, 2008

                        Respectfully submitted,

                        LAMB & BARNOSKY, LLP
                        Attorneys for Defendants
                        ORANGE-ULSTER BOCES,
                        JAKE McHALE and
                        MARGUERITE FLOOD

                        By: _____
                            SHARON N. BERLIN (SNB 6480)

                        534 Broadhollow Road, Suite 210
                        P.O. Box 9034
                        Melville, New York 11747
                        (631) 694-2300